# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00351-CV

**Floyd Pleasant Tarvin IV, Appellant**

**v.**

**Texas Department of Criminal Justice, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
## NO. D-1-GN-09-002958, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Floyd Pleasant Tarvin IV appeals from the trial court's order dismissing for want of prosecution his lawsuit against the Texas Department of Criminal Justice. Because the trial court erred in failing to hold an oral hearing on Tarvin's motion to reinstate, we reverse the trial court's overruling of Tarvin's motion to reinstate and remand the cause for further proceedings.[1]

On September 4, 2009, Tarvin filed his original petition alleging that the Department had discriminated against non-religious inmates by providing for a separate "faith-based dorm." On September 7, 2010, the trial court sent Tarvin notice that it intended to dismiss the suit for want of prosecution unless he filed a motion to retain before October 1. On October 22, Tarvin filed a

---

[1] The facts and procedural background of the cause are well-known to the parties, and we therefore will not recite them in great detail in this opinion. *See* Tex. R. App. P. 47.1 (appellate court opinions should be as "brief as practicable"), 47.4 (memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

motion asking the trial court to retain the lawsuit, but on March 25, 2011, the trial court signed an order dismissing the suit for want of prosecution. Tarvin filed a motion to reinstate on April 20, 2011, asking the trial court to hold a hearing on his motion. Although Tarvin's motion was not verified, *see* Tex. R. Civ. P. 165a(3), it was supported by an unsworn declaration, *see* Act of June 1, 1987, 70th Leg., R.S., ch. 1049, § 60, 1987 Tex. Gen. Laws 3517, 3540 (former Tex. Civ. Prac. & Rem. Code § 132.001 (inmate may use unsworn declaration), § 132.003 (providing format for unsworn declaration and requiring substantial compliance with format)).[2] The motion was overruled by operation of law,[3] and Tarvin appealed, complaining that the court abused its discretion in dismissing the suit and not holding a hearing on his motion to reinstate.

Tarvin's motion to retain the case, filed October 22, 2010, alleged that the State had thrown up various impediments to his pursuing the suit such as placing him in solitary confinement; limiting his access to office supplies; and delaying his mail. He did not explain his inaction between filing suit in September 2009 and the impediments he alleged began in September 2010. Further, after filing his motion to retain, Tarvin took no further action before the trial court signed its dismissal order about six months later, in late March 2011. The trial court did not abuse its discretion in dismissing the suit for want of prosecution, nor was it required to hold an oral hearing before deciding to dismiss the suit. *See Enriquez v. Livingston*, No. 03-11-00791-CV, 2013 Tex. App. LEXIS 3154, at *9-13 (Tex. App.—Austin Mar. 20, 2013, pet. filed) (mem. op.).

---

[2] Tarvin's unsworn declaration does not state his inmate number or the location of his incarceration, but it is part of his motion to reinstate, which provides that information elsewhere, and former section 132.003 required only that the form of an inmate's unsworn declaration substantially follow the statutory language.

[3] When a motion to reinstate is not decided by signed order within seventy-five days after the judgment is signed, the motion is deemed overruled by operation of law. Tex. R. Civ. P. 165a(3).

Tarvin is correct, however, that the trial court erred in not holding a hearing on his motion to reinstate. When a proper and timely motion is filed pursuant to rule 165a, the trial court *must* hold an oral hearing. *See Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991); *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988); *see also Enriquez*, 2013 Tex. App. LEXIS 3154, at *14-21 (oral hearing is required upon filing of timely, verified rule 165a motion and burden is on trial court, not party, to schedule hearing). Tarvin timely filed his motion to reinstate, requested a hearing, and included his unsworn declaration. Thus, the trial court abused its discretion in not holding a hearing on Tarvin's motion to reinstate.

We reverse the trial court's overruling of Tarvin's motion to reinstate and remand the cause to the court to hold an oral hearing on the motion as required by rule 165a.[4] We make no determination of whether Tarvin is entitled to reinstatement or whether the trial court must arrange for his physical presence at the hearing or if telephonic participation will be sufficient.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin and Field

Reversed and Remanded

Filed: August 9, 2013

_____

[4] The State argues in its appellee's brief that dismissal was also proper under chapter 14 of the civil practice and remedies code, which governs the dismissal of an indigent inmate's lawsuit if the trial court determines the suit is frivolous or malicious. *See* Tex. Civ. Prac. & Rem. Code § 14.003. However, although dismissal might have been proper under chapter 14, the suit was dismissed for want of prosecution, not as being frivolous, and we decline to speculate whether the trial court might have determined that the suit was frivolous.